UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Richard Burr,

                                Plaintiff,

            v.

Sheriff Timothy B. Howard *et al.*,

                         Defendants.

**Report and Recommendation**

20-CV-189 (JLS)

## I.    INTRODUCTION

Around late 2017 or early 2018, plaintiff Richard Burr was convicted in state court of traffic violations, criminal mischief, and a violation of a protective order.  Plaintiff served his sentence in two different detention facilities maintained by defendant Erie County.  At each facility, plaintiff was assaulted by another inmate or by corrections officers but was himself punished with a time spent in solitary confinement.  The time served in solitary confinement delayed the completion of plaintiff's sentence, which in turn cost him a bed at a substance-abuse treatment facility, which in turn wound up costing him several thousand dollars.

In response to the alleged assaults, wrongful assignments to solitary confinement, and delays in entering treatment, plaintiff commenced a civil-rights action against defendants Timothy B. Howard, Thomas Diina, Brian McLaughlin, John J. Flynn, Deputy Sergeant John Cross, Deputy Sergeant Slimec, Erie County Sheriff's Office, Erie County Probation Department, Erie County District Attorney's Office, and Erie County.  Defendants removed the case from state court to this District because plaintiff made his civil-rights allegations primarily under 42 U.S.C. § 1983.  Defendants then filed motions to dismiss (Dkt. Nos. 3, 13, 16) under Rule 12 of the Federal Rules of Civil Procedure.  In short, defendants argue that plaintiff made costly mistakes in state court

when trying to serve the individual defendants.  Defendants argue further that Erie County has no responsibility for supervising correctional facilities, while the various other County defendants have no legal status that would allow them to be sued in their own names.  Plaintiff does not contest the legal status of the other County defendants.  Plaintiff does, however, assert that he served all defendants properly.  In fact, plaintiff filed his own motion (Dkt. No. 25) for an affirmative declaration to that effect.

District Judge John L. Sinatra, Jr. has referred this case to this Court under 28 U.S.C. § 636(b).  (Dkt. No. 20.)  The Court held oral argument on May 20, 2020.  For the reasons below, the Court respectfully recommends granting defendants' motions in part to dismiss all individual defendants in their official capacities and to dismiss completely the Erie County Sheriff's Office, the Erie County Probation Department, and the Erie County District Attorney's Office.  The Court recommends further that plaintiff's motion be granted in part only to allow leave to amend the complaint.

## II.    BACKGROUND

### A.  Substantive Allegations

Although this case presents a number of procedural issues that the Court will address below if necessary, the substantive allegations[1] are fairly straightforward.  In January 2018, for reasons not clearly described in the verified complaint,[2] plaintiff was in custody and was held at the Erie County

---

[1] For the sake of brevity and consistent with Rule 12, the Court will avoid repeated use of the words "alleged" or "allegedly" when describing the substance of plaintiff's contentions.  Nothing in this Background section constitutes a finding of fact unless otherwise noted.

[2] Several paragraphs later, plaintiff offers a clue that his incarceration had something to do with convictions for driving while intoxicated, in violation of New York Vehicle and Traffic Law §§ 1192(3) and 1193; for criminal mischief in the third degree, in violation of New York Penal Law § 145.05; and for violating an order of protection constituting criminal contempt in the first degree, in violation of Penal Law § 215.51(d).  (Dkt. No. 1-5 at 5.)

Holding Center (the "Holding Center"). (Dkt. No. 1-5 at 4.) While at the Holding Center, another inmate assaulted plaintiff. (*Id.*) Plaintiff filed a grievance about a lack of supervision leading to the assault. Meanwhile, because of the assault, plaintiff was placed in solitary confinement for 10 days. (*Id.*) The complaint does not explain what reason plaintiff might have been given for being placed in solitary confinement—*e.g.*, as a protective measure or as a punitive measure. In February 2018, plaintiff was in custody at the Alden Correctional Facility ("Alden"). While at Alden, two Erie County Sheriff Deputies and a corrections officer assaulted plaintiff. (*Id.*) Following the Alden assault, plaintiff found himself in solitary confinement for 30 days. (*Id.*) Plaintiff did file an administrative grievance about the solitary confinement. The 10 days and the 30 days that plaintiff spent in solitary confinement had a ripple effect on plaintiff's sentence and substance-abuse treatment. All of plaintiff's convictions had sentences that would expire concurrently on July 7, 2018. Had plaintiff left his incarceration on July 7, 2018, he would have had a bed waiting for him for inpatient treatment programs either in Bradford, Pennsylvania or Canandaigua, New York. (*Id.* at 5.) Waiting for an additional bed to open at either program required plaintiff to incur as much as $5,000 in personal expenses, staying at local hotels while he waited for a bed to open. (*Id.*) After filing a summons with notice in state court, plaintiff filed a verified complaint in state court containing 10 claims. In the claims, plaintiff accuses defendants of false imprisonment; assault and battery; negligent supervision and training; and municipal and supervisory liability, among other contentions. Defendants removed this case to federal court on February 12, 2020.

### B. Procedural Issues

More complex than the substantive allegations are the numerous procedural defects that defendants have asserted as one path to dismissal. Plaintiff began this case by way of a summons with notice, per N.Y. CPLR ("CPLR") 305(b), filed in state court on August 15, 2019. (Dkt. No. 1-2

3

at 2.)  August 15, 2019 thus was the start date for the 120 days within which plaintiff needed to serve

the summons with notice on defendants, as required by CPLR 306-b.  On December 11, 2019—just

a few days before the expiration of the time for service—one of plaintiff's attorneys, Francesca

Falzone, personally delivered copies of the summons with notice to defendants' respective offices.

(Dkt. No. 22-16 at 3–4.)  Ms. Falzone's efforts at service can be seen from a copy of the summons

with notice that shows stamps or handwritten acknowledgments of receipt from the Erie County

Department of Law, from the Erie County District Attorney's Office, and from administrative

staffers at the Erie County Sheriff's Office and the Erie County Probation Department.  (Dkt. No.

22-12 at 2.)  The record, however, does not appear to contain confirmation that the individual

defendants were served personally.  The absence of personal service on the individual defendants

matters because the verified complaint lists all individual defendants as being sued individually and

in their official capacities.  On December 30, 2019, defendants served plaintiff with a demand for a

complaint under CPLR 3012(b).  (Dkt. No. 22-13 at 2–3.)  Plaintiff filed a verified complaint on

January 27, 2020.  (Dkt. No. 22-14 at 2.)  Because the verified complaint was filed through the state-

court electronic filing system, plaintiff asserts that it would have been served automatically on

defense counsel.  (Dkt. No. 22 at 5.)  Defendants then removed this case to this District by filing a

notice of removal on February 12, 2020.  (Dkt. No. 1.)  Defendants invoked federal-question

jurisdiction, since the complaint contains allegations of federal civil-rights violations.

### C.  Pending Motions

Defendants filed their pending motions to dismiss on February 14, 2020.  The individual

defendants argue that plaintiff never served them personally in the way that state law required prior

to removal.  Erie County argues that it cannot be sued for assault and battery because the claim is

time-barred and because the claim can be asserted only against individuals and not against a

government entity.  In a similar way, plaintiff's claim for "constitutional tort" must be dismissed, according to Erie County, for lack of timeliness and for the connection to the alleged assaults, which again have to be alleged against individuals.  Erie County wants the claim for conversion dismissed on the grounds that plaintiff has not identified any item converted; the closest that plaintiff comes, according to Erie County, is the money that he spent on hotels while waiting for a bed to open in the Bradford treatment program.  Erie County wants the claim for negligent supervision and training dismissed on the grounds that it has no responsibility for policies and practices that occur at the Holding Center.  Erie County wants plaintiff's claim for "respondeat superior" dismissed because, again, it has no duty of supervision over the Holding Center.  In a similar way, Erie County believes that plaintiff's claim for false imprisonment would be more appropriately asserted against other defendants.  Also similarly, Erie County asserts that it is not the appropriate defendant for plaintiff's claims pertaining to loss of medical care and treatment, financial and compensatory loss, or punitive damages.  The other County defendants argue that they effectively are extensions of Erie County and cannot be sued as separate entities.

Plaintiff opposes defendants' motions in all respects, through opposition papers and through his own motion for an affirmative ruling in his favor.  Plaintiff asserts that all defendants were served on December 11, 2019; alternatively, since any procedural defect in service would have occurred before removal, plaintiff asks the Court to follow state public policy and to invoke Rule 4(m) to extend the time for service to allow the case to reach the merits.  Plaintiff argues that he has properly pled conversion because he suffered a loss that involve the specific sum of money. Plaintiff implicitly concedes that the other County defendants cannot be sued in their own names. (Dkt. No. 22-1 at 7–8.)  At the same time, plaintiff implicitly argues that Erie County cannot play both sides of the argument about proper defendants: If the other County defendants cannot be sued

in their own names then Erie County would have to be sued for their conduct, or else no one would

be held accountable for problems with policies and practices. (*See id.*) Plaintiff also seeks a

declaration under CPLR 2001 and 2005, and Rules 4(m) and 7, that defendants were properly served

on December 11, 2019 and that any problems with filing proof of service late can be excused in the

interest of justice. (Dkt. No. 25-2.)

## III.    DISCUSSION

### A.  Motions to Dismiss Generally

The Court will begin by assessing, under Rule 12(b)(6), which governmental defendants

can be sued in this case regardless of any procedural defects. If some of the defendants need to be

dismissed on substantive grounds then the scope of any procedural defects could turn out to be

narrow.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Courts assess Rule

12(b)(6) motions "accepting all factual allegations in the complaint as true, and drawing all

reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,

602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted). "On a motion to

dismiss, the court may consider any written instrument attached to the complaint as an exhibit or

6

any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (editorial and internal quotation marks and citation omitted). "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (internal quotation marks and citation omitted).

### B.  Claims Against Governmental Defendants

As the Court noted above, plaintiff has sued all of the individual defendants in both an individual and official capacity.  Plaintiff also has sued Erie County as well as the Erie County Sheriff's Office, the Erie County Probation Department, and the Erie County District Attorney's Office.  "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Wierzbic v. Cty. of Erie*, No. 13-CV-978S, 2018 WL 550521, at *5 (W.D.N.Y. Jan. 25, 2018) (internal quotation marks and citations omitted).  Additionally, "[a] suit against a municipal officer in his official capacity is functionally equivalent to a suit against the entity of which the officer is an agent." *Orange v. Cty. of Suffolk*, 830 F. Supp. 701, 706 (E.D.N.Y. 1993) (citations omitted).  Plaintiff has made no showing that the County defendants that he has sued have any legal status apart from Erie County.  Plaintiff further has made no showing that his case has any need for the redundancy of naming both Erie County and some of its public officials in their official capacities.  Accordingly, the Court recommends granting defendants' motions with respect to dismissing all of the individual defendants in their official capacities and with respect to dismissing the Erie County Sheriff's Office, the Erie County Probation Department, and the Erie County District Attorney's Office completely.

The next question becomes whether plaintiff has made cognizable claims against Erie County.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its

employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  "If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood.  More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.  To deny compensation to the victim would therefore be contrary to the fundamental purpose of § 1983."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *accord Weber v. Dell*, 804 F.2d 796, 803 (2d Cir. 1986) (citations omitted).  Viewing the verified complaint in the light most favorable to plaintiff, plaintiff has made suggestions across his various claims that Erie County, through the Holding Center and Alden, had policies and customs in place that led to a dangerous lack of supervision, two assaults, and two instances of solitary confinement wrongfully assessed against him.  Plaintiff supports his claims about policies and customs by pleading explicitly that he filed grievances about a lack of supervision and about solitary confinement.  Without prejudice to further motion practice about limitations periods and about the relation-back doctrine, plaintiff's allegations against Erie County about policies and customs would appear to be timely.  Unless concerns about timeliness arise, and given that this case is just starting its earliest stages, prudence and the interest of justice warrant that plaintiff be allowed an opportunity to file an amended complaint under federal pleading standards. Plaintiff will need to exercise caution to make clear how Erie County would be liable under *Monell* and *Pembaur*.

Under these circumstances, the Court recommends denying defendants' motions with respect to dismissing Erie County from the case.

### C. Claims Against Individual Defendants

In the context of the Court's proposed leave to amend, addressing any procedural errors against the individual defendants becomes easy. While the case was in state court, CPLR 308 governed personal service on natural individuals. Plaintiff has not made enough of a showing of compliance with CPLR 308; the record, at most, shows that copies of the summons with notice were left with administrative staffers at the individual defendants' respective offices. Nonetheless, and again without prejudice to further motion practice about timeliness or the relation-back doctrine, the Court's recommendation of leave to amend will cover the individual defendants as well. Plaintiff is cautioned about suing individuals, such as the Erie County District Attorney, who either had no personal involvement under Section 1983 or who have one or more forms of immunity from suit. *See, e.g., Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) ("[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. We have construed personal involvement for these purposes to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates.") (citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

## IV.   CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends granting defendants' motions to dismiss (Dkt. Nos. 3, 13, 16) in part to dismiss all individual defendants in their official

capacities and to dismiss completely the Erie County Sheriff's Office, the Erie County Probation Department, and the Erie County District Attorney's Office. Defendants' motions should be denied in all other respects.

The Court further recommends granting plaintiff's motion (Dkt. No. 25) in part to grant leave to file an amended complaint within 30 days of adoption of this Report and Recommendation. The Court recommends denying plaintiff's motion in all other respects.

## V.   OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Any objections must be filed electronically with the Clerk of the Court through the CM/ECF system.

"As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted). "We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object. The rule is enforced under our supervisory powers and is a nonjurisdictional waiver provision whose violation we may excuse in the interest of justice." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997) (internal quotation marks and citations omitted).

"Where a party only raises general objections, a district court need only satisfy itself there is no clear error on the face of the record.  Indeed, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review.  Such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal."  *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009) (internal quotation and editorial marks and citations omitted); *see also Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.  In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.") (citation omitted).

SO ORDERED.

__/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: July 23, 2020

11